## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|                                 **Plaintiff,** | ) | |
| vs. | ) | CIV 10-194-RAW |
| | ) | |
| 1) TED O. L. PHILLIPS, | ) | |
| a.k.a. Ted O. Phillips, a.k.a. Ted Ol Phillips, | ) | |
| a.k.a. Ted O. L. Phillips, Jr.; | ) | |
| 2) PAULETTE PHILLIPS; | ) | |
|                                 **Defendants.** | ) | |

## JOURNAL ENTRY OF JUDGMENT

This matter comes on to be heard this 3rd day of August, 2010, upon the issues in plaintiff's complaint filed herein; the plaintiff, United States of America, appearing by Jeanette Windsor, Assistant United States Attorney for the Eastern District of Oklahoma; the defendants, Ted O.L. Phillips and Paulette Phillips, appearing by their attorney, Joey D. Schmidt; the defendants, Board of County Commissioners of Okmulgee County, Oklahoma and the County Treasurer of Okmulgee County, Oklahoma, having filed their disclaimers herein and having been dismissed from this action;

NOW, the Court proceeds instanter to consider plaintiff's complaint, and carefully examines the exhibits attached thereto, including the notes, real estate mortgages and security agreements, and upon conclusion, after being fully advised in the premises both as to the facts and the law, finds and adjudges the plaintiff has fully sustained all of the allegations of its complaint; the Court further finds that the plaintiff is entitled to and is hereby given a judgment against the defendants, Ted O.L. Phillips and Paulette Phillips, as prayed for in plaintiff's complaint.

And the Court more specifically finds:

That Ted O. L. Phillips and Paulette Phillips, on or about the following dates and in the indicated amounts, executed and delivered to plaintiff a total of three promissory notes as follows:

| Instrument | Date | Amount | Interest | Number of Installments |
|---|---|---|---|---|
| Note | 08-16-00 | $25,633.97 | 5% | 15 |
| Note | 09-07-00 | $95,850.00 | 5% | 7 |
| Note | 01-05-01 | $37,000.00 | 5% | 40 |

Said notes were rescheduled and/or reamortized from prior notes.

Further, that in order to secure the payment of said promissory notes, the makers thereof, made, executed and delivered to plaintiff, their certain real estate mortgages that were dated and filed as follows:

| Instrument | Filed | Book | Page | County |
|---|---|---|---|---|
| Mortgage | 04-06-99 | 1659 | 321 | Okmulgee |
| Mortgage | 08-17-00 | 1697 | 576 | Okmulgee |
| Mortgage | 09-08-00 | 1699 | 391 | Okmulgee |
| Mortgage | 01-09-01 | 1708 | 240 | Okmulgee |

Said mortgages conveyed and mortgaged to plaintiff the following described real property situated in Okmulgee County, Oklahoma, to-wit:

> The surface only of Lots 1, 2, 3, 4, 5 and 6, Block 3 and Lots 1, 2, 3, 4, 5 and 6, Block 13 in the Original Town of Wildcat, now known as Grayson, Okmulgee County, State of Oklahoma.

> And

> The East Half of Southeast Quarter of Section 25, Township 13 North, Range 14 East of the Indian Meridian, Okmulgee County, State of Oklahoma.

3. On or about November 26, 2003, the plaintiff executed a Partial Release of Mortgage releasing the following described property:

>  The surface only of Lots 1, 2, 3, 4, 5 and 6, Block 3, in the Original Town of Wildcat, now known as Grayson, Okmulgee County, State of Oklahoma.

4. The only remaining real property to be foreclosed is as follows:

>  Lots 1, 2, 3, 4, 5 and 6, Block 13 in the Original Town of Wildcat, now known as Grayson, Okmulgee County, State of Oklahoma.

And

>  The East Half of Southeast Quarter of Section 25, Township 13 North, Range 14 East of the Indian Meridian, Okmulgee County, State of Oklahoma.

On or about the following dates, and in the manner indicated, as collateral security for payment of the above listed promissory notes, the defendants, Ted O. L. Phillips and Paulette Phillips, executed and delivered to plaintiff certain security agreements thereby creating in favor of the plaintiff, a security interest in certain crops, livestock, farm equipment and motor vehicles described therein.

The security interest of plaintiff in said property was perfected by Financing Statements filed with the County Clerks of the following counties on the dates indicated, and under the file numbers indicated.

| Type | Date | Filed | County | File Number |
|---|---|---|---|---|
| Financing Stmt | 03-25-99 | 03-29-99 | Okmulgee | 011869 |
| Financing Stmt | 03-25-99 | 03-29-99 | McIntosh | 000300 |
| Financing Stmt | Not legible | 02-09-04 | Oklahoma | 2004001531521 |
| EFS-2 | 04-07-99 | 02-09-04 | Secretary of State | 199901974-C |

That the said defendants have defaulted in the payments provided in said notes, mortgages and security agreements and have not paid the same in the amounts and at the times they agreed to

pay the same, and by reason thereof, there is now due and owing the principal sum of $83,500.19, plus interest accrued through March 11, 2010, in the amount of $11,068.12, plus interest from that date at the daily rate of $11.3395 until the date of judgment, and thereafter at the legal rate until paid in full, plus all costs and future costs of this action, including maintenance and protection fees; that by reason of the aforementioned default, plaintiff has elected to declare the entire principal balance and accrued interest thereon due and payable at once.

Further, that the said mortgage expressly provides that if the borrowers default in the payment of the debt secured thereby, the mortgagee may foreclose said mortgages and sell the mortgaged property at foreclosure sale and apply the proceeds from such sale on the said debt; and that appraisement of said premises is expressly waived or not waived at the option of the mortgagee; and that plaintiff mortgagee states that it desires to have said real property sold with appraisement.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:

1. That the plaintiff have judgment in personam an din rem against the defendants, Ted O.L. Phillips and Paulette Phillips.

2. That the mortgage lien of the plaintiff, United States of America, be and the same is hereby established as a first, prior and superior lien on the real estate and premises hereinbefore described, and that such mortgage lien be and the same is hereby ordered foreclosed, and the mortgaged property is hereby ordered appraised and sold by Judicial Sale in the manner provided by said mortgage and by the provisions of Title 28 U.S.C. §2001 et seq.

3. That the security lien of the plaintiff, United States of America, be foreclosed and that the same be declared a valid first lien, prior and superior upon the chattels and livestock described in the security agreement(s), and ordering the remaining chattels and livestock sold with or without

appraisement, as plaintiff shall elect at the time judgment is rendered herein; and that said liens be ordered foreclosed by Judicial Sale in the manner and form provided by law and by said judgment; and for a further judgment cancelling and setting aside the claims of the defendants, Ted O.L. Phillips and Paulette Phillips.

4. That should a sale and confirmation occur, the defendants, Ted O. Phillips and Paulette Phillips, and each of them, have no right, title, or interest in or to said mortgaged real property, or any part thereof; and that said defendants, and each of them, and all persons claiming by, through or under them, be and are hereby perpetually barred, restrained and enjoined from ever claiming or asserting any right, title or interest in or to the said mortgaged property, hereinbefore described, which is adverse or hostile to the purchaser at sale.

5. That any one in possession of subject property should relinquish possession upon the receiving of the journal entry of judgment. If such possession is not relinquished at that time, a Writ of Assistance will be issued.

6. That the proceeds from the sale of said mortgaged and real property be applied as follows:

FIRST: To the payment of costs of this action;

SECOND: To the satisfaction of the judgment in favor of the plaintiff, in the amount of $83,500.19 plus interest through March 11, 2010, in the amount of $11,068.12 plus interest from that date at the daily rate of $11.3395, until the date of judgment, plus interest from the date of judgment at the legal rate of <u>0.30</u> per annum computed daily and compounded annually until paid in full, plus all costs and future costs of this action; including maintenance and protection fees;

THIRD: The residue, if any, to be paid into the office of the Clerk of this Court to abide the further Order of this Court.

5

Dated this 3rd day of August, 2010.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma

APPROVED AS TO FORM:

SHELDON J. SPERLING
United States Attorney


S/JEANETTE WINDSOR
JEANETTE WINDSOR O.B.A. 16939
Assistant U.S. Attorney
1200 West Okmulgee
Muskogee, Oklahoma 74401
918-684-5100
918-684-5130 - fax
jeanette.windsor@usdoj.gov

USA v Phillips
CIV 10-194-RAW
Journal Entry


_____
JOEY D. SCHMIDT O.B.A. 11507
Central Law Office
P O Box 720633
Norman OK 73070
405-329-5777
405-329-3841 - fax
[centrallawoffice@sbcglobal.net](mailto:centrallawoffice@sbcglobal.net)
Attorney for Defendant Ted & Paulette Phillips